UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA ) | INFORMATION |
| ) | |
| v. ) | Cause No. 1:25-CR-25 |
| ) | Violation: 18 U.S.C. § 1349 |
| KHALID AHAMAD ) | |

**THE UNITED STATES ATTORNEY CHARGES:**

## BACKGROUND

Except as otherwise noted, at all times material to this Information:

1. KHALID AHAMAD ("Ahamad") was a resident of The Colony, Texas.

2. On or about November 18, 2021, a limited liability company in the name of XPTECO LLC was formed in the State of Texas. Ahamad was listed as the sole member and managing member of XPTECO LLC.

3. From on or about September 9, 2022, until on or about November 18, 2022, Ahamad maintained a commercial checking account in the name of XPTECO LLC with Lamar National Bank (account number ending -4900).

4. Company A was a logistics company located in Fort Wayne, Indiana, in the Northern District of Indiana. Company A maintained a business bank account at Premier Bank.

5. Wire transfers initiated from Premier Bank were facilitated through data servers located outside the State of Indiana.

## COUNT 1

**Conspiracy to Commit Wire Fraud**

Paragraphs 1 through 5 are re-alleged and incorporated by reference as if fully set forth herein.

6. Beginning in 2020, and continuing through or on about April 2023, in the Northern District of Indiana and elsewhere,

KHALID AHAMAD,

defendant herein, and others known and unknown to the Grand Jury, did knowingly and willfully conspire and agree, together and with each other, to commit wire fraud, that is, the defendant and others known and unknown to the Grand Jury, pursuant to 18 U.S.C. § 1343, devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, and for the purpose of executing and attempting to execute such scheme and artifice, transmitted and caused to be transmitted in interstate and foreign commerce wire communications.

**Object of the Conspiracy**

7. It was the object of the conspiracy that the defendant and others known and unknown to the Grand Jury would unjustly enrich themselves and each other by conducting multiple financial fraud schemes via the internet. The various fraud schemes included, among others, business email compromises, unemployment fraud from state agencies, and Small Business

2

Administration ("SBA") loan fraud. The loss to Company A from the fraudulent scheme totaled $243,874.35. The actual and intended loss to other victims of the scheme totaled over $6,000,000.

## Manner and Means

The object of the conspiracy was to be accomplished by the following manner and means, among others:

8. A "business email compromise" (BEC) is a type of computer intrusion that occurs when an employee of a company is deceived into interacting with an email message that appears to be, but is not, legitimate. The bogus email usually contains either an attachment or a link to a malicious website. Clicking on either will release a virus, worm, spyware, or other program application (also known as "malware") that subsequently infects the employee's email account and/or computer. The malware, once executed, can harvest information, including credentials, and give the intruding party access to sensitive company information.

9. In one common BEC scam, an intruder monitors email to determine when a large financial transaction is going to take place. After initial transfer or wiring instructions are conveyed between legitimate parties to the transaction, the intruder sends a follow-up email that appears to be coming from the original legitimate sender. This "spoofed" email contains a change of plans, instructing that the money being wired go instead to a

different account—one that is under the control of the intruder and conspiracy for the purpose of receiving the redirected funds.

10. It was part of the conspiracy that persons known and unknown to the Grand Jury would spoof emails and send communications, or cause emails to be spoofed and sent, under the identity of the target of the spoof.

11. It was part of the conspiracy that persons known and unknown to the Grand Jury would spoof the email of parties to financial transactions involving business payments and send instructions that would redirect wires and transfers of funds to accounts under the control of Ahamad.

12. It was part of the conspiracy that Ahamad would open bank accounts for the purpose of receiving fraudulently obtained funds and sending fraudulently obtained funds to conspirators via cryptocurrency.

13. It was part of the conspiracy that persons known and unknown to the Grand Jury would perpetrate online scams to obtain money and personal identifying information from victims throughout the United States and elsewhere.

14. It was part of the conspiracy that Ahamad and others known and unknown to the Grand Jury fraudulently obtained and received proceeds from fraudulently obtained SBA loans;

15. It was part of the conspiracy that Ahamad and others known and unknown to the Grand Jury sent and shared fraudulently obtained proceeds through financial transactions, including by purchases of cryptocurrency.

16. It was part of the conspiracy that Ahamad and others known and unknown to the Grand Jury made material misrepresentations in communications with victims of the fraud conspiracy for the purpose of convincing victims to send money to Ahamad.

17. It was part of the conspiracy that Ahamad and others known and unknown to the Grand Jury created fraudulent documents which appeared to legitimately account for transfer of victim funds in order to hide their fraudulent conduct and allay suspicion;

18. It was part of the conspiracy that Ahamad made material misrepresentations in communications with banks and cryptocurrency exchange companies about fraudulently obtained proceeds in order to disguise their nature as fraud proceeds and allay suspicion;

All in violation of 18 U.S.C. § 1349.

## FORFEITURE ALLEGATIONS

1. The allegations contained in Count 1 of this Information is hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. Upon conviction of the offense in violation of 18 U.S.C. § 1349 as set forth in this Indictment, the defendant, Khalid Ahamad, shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense(s).

3. Upon conviction of an offense set forth in in this Indictment, the government will seek a money judgment in the amount of proceeds received for the defendant's participation in the alleged offense.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the existence of due diligence;
    b. has been transferred or sold to, or deposited with a third party;
    c. has been placed beyond the jurisdiction of the court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. §981(a)(1)(C) and 28 U.S.C. § 2461(c).

TINA L. NOMMAY
ACTING UNITED STATES ATTORNEY

By: */s/ Justin C. Sheridan*
Justin C. Sheridan
Assistant United States Attorney